1  LUIS A. AYON, ESQ.
   Nevada Bar No. 9752
2  MARGARET E. SCHMIDT, ESQ.
   Nevada Bar No. 12489
3  **MAIER GUTIERREZ AYON**
   400 South Seventh Street, Suite 400
4  Las Vegas, Nevada 89101
   Telephone:  (702) 629-7900
5  Facsimile:  (702) 629-7925
   E-mail:     laa@mgalaw.com
6              mes@mgalaw.com

7  *Attorneys for Plaintiff Williston Investment Group, LLC*

8

9              **UNITED STATES DISTRICT COURT**

10                   **DISTRICT OF NEVADA**

11

12  WILLISTON INVESTMENT GROUP, LLC, a        Case No.: 2:14-cv-02038-GMN-PAL
    Nevada Limited Liability Company,         Hon. Gloria M. Navarro

13                          Plaintiff,        **PLAINTIFF'S OPPOSITION TO**
                                              **DEFENDANT MTC FINANCIAL INC. dba**
14  vs.                                       **TRUSTEE CORPS' MOTION TO**
                                              **DISMISS WITH PREJUDICE THE**
15  JP MORGAN CHASE BANK NATIONAL             **PLAINTIFF'S COMPLAINT**
    ASSOCIATION, a National Association;
16  MORTGAGE ELECTRONIC REGISTRATION
    SYSTEMS, INC., a Foreign Corporation; MTC
17  FINANCIAL, INC., a Foreign Corporation;
    FEDERAL HOME LOAN MORTGAGE
18  CORPORATION, a Foreign Corporation;
    ROBERT WAKEFIELD, an individual; DOES I
19  through X; and ROE CORPORATIONS I
    through X, inclusive,
20
                            Defendants.
21

22         Plaintiff WILLISTON INVESTMENT GROUP, LLC ("Plaintiff") by and through its

23  attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby files this opposition to defendant

24  MTC FINANCIAL INC., DBA TRUSTEE CORPS' ("Trustee Corps") motion to dismiss with

25  prejudice the Plaintiff's complaint [Dkt. # 5].

26  / / /

27  / / /

28  / / /

                                    1

This opposition is made and based on the following memorandum of points and authorities, the papers and pleadings on file herein and any oral argument the Court may entertain.

DATED this 5th day of January, 2015.

Respectfully submitted,

**MAIER GUTIERREZ AYON**

___/s/ Luis A. Ayon_____
LUIS AYON, ESQ.
Nevada Bar No. 9752
MARGARET E. SCHMIDT, ESQ.
Nevada Bar No. 12489
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Williston Investment Group, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This lawsuit involves the disputed ownership of real property in which the central issue before this Court is whether the NRS 107 foreclosure sale conducted by Trustee Corps was proper following a homeowners association foreclosure sale of a superior lien.  Plaintiff was the prior owner of the subject property pursuant to an NRS 116 foreclosure sale conducted on March 15, 2013; however, its rights and title to the property were extinguished by Trustee Corps' subsequent NRS 107 foreclosure sale of the property conducted on July 11, 2014.

Acting as trustee under a deed of trust, Trustee Corps had special duties imposed by Nevada statutes.  Included in those duties is a duty to "act impartially and in good faith with respect to the deed of trust" as well as a duty to "act in accordance with the laws of this State."  NRS 107.028(5).  As the subject deed of trust was undoubtedly extinguished by operation of law on March 15, 2013, Trustee Corps' subsequent recordings against Plaintiff's property and transfer of the property via an NRS 107 foreclosure sale were in clear violation of Trustee Corps' duties to act impartially, in good faith, and in accordance with the laws of the state of Nevada.  Moreover, Trustee Corps' actions were adverse to Plaintiff's interests in the property and it is a clear slander of Plaintiff's title to record documents pursuant to an extinguished deed of trust.

Accordingly, through this lawsuit, Plaintiff is seeking declaratory and injunctive relief and damages for wrongful foreclosure and slander of title. Trustee Corps is a necessary and integral party to the instant litigation due to its actions, which are the direct and proximate cause of Plaintiff's damages. Within its pleadings, Plaintiff has produced clear and substantial evidence to support its claims alleged therein. Therefore, as further detailed below, Plaintiff has properly stated its claims against Trustee Corps, and Trustee Corps' motion to dismiss must be denied.

## II.     STATEMENT OF FACTS

As alleged in the complaint, Plaintiff is the lawful titleholder of the real property located at 1519 Lake Placid Terrace, Henderson, Nevada 89014, and bearing Assessor's Parcel Number 178-09-515-001 (the "Property"). *See* Complaint at ¶ 2, attached hereto as **Exhibit 1**. The Property is within the Desert Linn Condominium common-interest community governed by nonparty the Desert Linn Owners' Association (the "Association"). *Id*. at ¶ 10. The Association is a homeowners association organized under NRS Chapter 116 and created by the recording of its declaration of covenants, conditions, and restrictions ("CC&Rs") on or about August 9, 1993. *Id*. at ¶ 11. Pursuant to NRS 116.3116(5), recording of the CC&Rs constituted record notice and perfection of the Association's lien for delinquent assessments under NRS 113.3116 (the "Association Lien"). *Id*. at ¶ 13.

Upon the prior owner's failure to maintain payments for Association assessments, the Property was sold at public auction on March 15, 2013, pursuant to NRS 116.3116 *et seq. Id*. at ¶ 32. Plaintiff was the highest bidder at the Association foreclosure sale and tendered payment for the entire amount of the Association Lien. *Id*. at ¶ 33. Plaintiff took title in the Property via a foreclosure deed properly recorded on March 21, 2013. *See* Trustee Corps' Request for Judicial Notice ("RJN") [Dkt. # 6] at Ex. 9; *see also* Ex. 1 at ¶ 34.

NRS 116.3116(2) gives an association a true super-priority lien, proper foreclosure of which will extinguish a first deed of trust. *Id*. at ¶ 37. Therefore, as the subject deed of trust recorded July 18, 2005 (the "Deed of Trust") (RJN at Ex. 1), was junior to the Association Lien by operation of law, the Association foreclosure sale extinguished any security interests held in the Property pursuant to the Deed of Trust. *Id*. at ¶ 38. Upon extinguishment, the beneficiary and trustee under

3

1   the Deed of Trust were therefore barred from enforcing the extinguished security interest against the

2   Property and from extinguishing any of Plaintiff's ownership interests therein.  *Id*. at ¶ 43.

3        However, Trustee Corps, individually and on behalf of the purported beneficiary of the deed

4   of trust, defendant JP Morgan Chase, N.A. ("Chase"), recorded a notice of breach and election to

5   sell on August 13, 2013, a certificate of foreclosure mediation on November 8, 2013, and a notice of

6   trustee sale on June 3, 2014.  *See id*. at ¶¶ 42, 44; *see also* RJN at Exs. 3, 4 and 5.  Thereafter, the

7   trustee sale proceeded on July 11, 2014 wherein the Property was purportedly sold to defendant

8   Federal Home Loan Mortgage Corporation ("Freddie Mac").  *See* Ex. 1 at ¶ 46; *see also* RJN at Ex.

9   7.  A trustee's deed upon sale was issued to Freddie Mac by Trustee Corps, which was recorded

10  against Plaintiff's Property on July 15, 2014.  *See* Ex. 1 at ¶ 46; *see also* RJN at Ex. 7.  Notably, an

11  assignment of the Deed of Trust was also recorded on July 15, 2014, which provides that Chase

12  assigned its interest to Freddie Mac on or about June 16, 2014.  *See* Ex. 1 at ¶ 45; *see also* RJN at

13  Ex. 6.

14       As the Deed of Trust was extinguished prior to both the purported assignment and trustee

15  sale, both acts were *void ab initio*, and were improper under Nevada law.  *See* Ex. 1 at ¶¶ 47, 55, 56.

16  The Property was therefore unlawfully sold without the legal authority to do so and in denial of

17  Plaintiff's rights therein.

18  **III.   STANDARD OF REVIEW**

19       When a district court considers whether to dismiss a claim pursuant to FRCP 12(b)(6), it

20  must "evaluate the complaint de novo to decide whether it states a claim upon which relief could be

21  granted …." *Gonzales v. Metro. Transp. Auth*., 174 F.3d 1016, 1018 (9th Cir. 1999). A claim is

22  plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

23  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

24  U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations

25  "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

26  550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). All well-pleaded factual allegations will be

27  accepted as true and all reasonable inferences that may be drawn from the allegations must be

28  construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028

**M·G·A**

**MAIER GUTIERREZ AYON** PLLC

ATTORNEYS AT LAW

1   (9th Cir.2003).

2          Here, Plaintiff's complaint contains sufficient factual allegations to survive a motion to

3   dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If additional factual allegations

4   are required, this Court should allow Plaintiff leave to amend pursuant to Fed. R. Civ. P. 15(a)

5   rather than dismiss the complaint. *See Public Utility Dist. No. 1 of Grays Harbor County Wash. v.*

6   *IDACORP Inc*., 379 F.3d 641 (9th Cir. 2004); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.

7   1983).

8   **IV.    LEGAL ARGUMENT**

9          **A.    TRUSTEE CORPS BREACHED ITS DUTIES AS TRUSTEE AND IS A NECESSARY**

10                 **DEFENDANT TO PLAINTIFF'S CLAIM FOR WRONGFUL FORECLOSURE**

11         In its motion to dismiss, Trustee Corps argues that Plaintiff is "abusing the statutory

12  scheme" by pleading a wrongful foreclosure cause of action.  *See* Motion to Dismiss at p. 7:20.

13  However, pursuant to NRS 107.080(5), "[a] sale made pursuant to [NRS 107.080] must be declared

14  void by any court of competent jurisdiction in the county where the sale took place if…The trustee

15  or other person authorized to make the sale does not substantially comply with the provisions of this

16  section…"  Through this litigation, Plaintiff will prove that Trustee Corps violated several Nevada

17  statutes in conducting its trustee sale of the Property, including the following:

18              The trustee does not have a fiduciary obligation to the grantor or any other
                person having an interest in the property which is subject to the deed of
19              trust. **The trustee shall act impartially and in good faith with respect to
                the deed of trust and shall act in accordance with the laws of this
20              State. A rebuttable presumption that a trustee has acted impartially
                and in good faith exists if the trustee acts in compliance with the
21              provisions of NRS 107.080.** In performing acts required by NRS 107.080,
                the trustee incurs no liability for any good faith error resulting from
22              reliance on information provided by the beneficiary regarding the nature
                and the amount of the default under the obligation secured by the deed of
23              trust if the trustee corrects the good faith error not later than 20 days after
                discovering the error.
24

25  NRS 107.028(5) (emphasis added).

26              A mortgage servicer, mortgagee, **trustee**, beneficiary of a deed of trust or
                an authorized agent of such a person **may not record a notice of default
27              and election to sell** pursuant to subsection 2 of NRS 107.080 or
                commence a civil action for a foreclosure sale pursuant to NRS 40.430
28              involving a failure to make a payment required by a residential mortgage

loan until:

    (a) **The mortgage servicer, mortgagee or beneficiary of the deed of trust has satisfied the requirements of subsection 1 of NRS 107.500;**

NRS 107.510(1) (emphasis added).

    1. At least 30 calendar days before recording a notice of default and election to sell pursuant to subsection 2 of NRS 107.080 or commencing a civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan and at least 30 calendar days after the borrower's default, the mortgage servicer, mortgagee or beneficiary of the deed of trust shall mail, by first-class mail, a notice addressed to the borrower at the borrower's primary address as indicated in the records of the mortgage servicer, mortgagee or beneficiary of the deed of trust, which contains:

…

    (c) **A statement of the facts establishing the right of the mortgage servicer, mortgagee or beneficiary of the deed of trust to cause the trustee to exercise the trustee's power of sale pursuant to NRS 107.080** or to commence a civil action for the recovery of any debt, or for the enforcement of any right, under a residential mortgage loan that is not barred by NRS 40.430.

NRS 107.500(1) (emphasis added).

    After a trustee's deed upon sale has been recorded or after a sheriff has recorded the certificate of the sale of the property, **a borrower may bring a civil action in the district court in the county in which the property is located to recover his or her actual economic damages resulting from a material violation of NRS 107.400 to 107.560, inclusive, <u>by the mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person</u>,** if the material violation was not corrected and remedied before the recording of the trustee's deed upon sale or the recording of the certificate of sale of the property pursuant to NRS 40.430. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, beneficiary of the deed of trust or an authorized agent of such a person, the court may award the borrower the greater of treble actual damages or statutory damages of $50,000.

NRS 107.560(2) (emphasis added).

    Here, Trustee Corps was acting as the foreclosure trustee and is therefore subject to the provisions of NRS 107.080.  As alleged in the complaint, the Association foreclosure sale extinguished any estate, right, title, interest or claim in the property held by the beneficiary of the Deed of Trust and vested title to the Property in the Plaintiff free of any claim pursuant to the extinguished Deed of Trust. Ex. 1 at ¶ 38.  However, Trustee Corps nonetheless recorded a notice

6

of default and election to sell under the Deed of Trust without Chase establishing the right to cause Trustee Corps to exercise its power of sale.  RJN at Ex. 3.

The notice of default is *prima facie* evidence of Trustee Corps' willful violation of NRS 107.  Trustee Corps cannot escape the liability imposed by the statues for all of the parties involved in the foreclosure process, whether they were the beneficiary of the deed of trust on down to the agent acting on their behalf.  As Trustee Corps acted to enforce the Deed of Trust against Plaintiff's rights and title to the Property, Trustee Corps is properly named as a defendant in this action.  Thus, at a minimum, there is enough plausible evidence to survive the motion to dismiss standard.  However, should the Court require more specificity regarding allegations under NRS 107.080(2) *et seq.*, Plaintiff prays for the opportunity to amend under Fed. R. Civ. P. 15(a).

**B.    TRUSTEE CORPS HAS AN INTEREST ADVERSE TO THE PLAINTIFF FOR QUIET TITLE PURPOSES**

NRS 40.010 provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  Accordingly, a quiet title action in court is the method by which to adjudicate disputed ownership of real property rights.  *See Howell v. Ricci*, 124 Nev. 1222, 1224, 197 P.3d 1044, 1046 (Nev. 2008).  The purpose of a quiet title action "is to settle all conflicting claims to the property and to declare each interest or estate to which the parties are entitled."  *Fuleihan v. Wells Fargo*, 2010 WL 3724186 (D. Nev. Sept. 15, 2010) *aff'd sub nom. Fuleihan v. Wells Fargo Bank, NA*, 476 F. App'x 687 (9th Cir. 2012).

Under Nevada's statutes relating to quiet title actions, Plaintiff, in bringing a suit in equity for that purpose in the federal court of Nevada, need not set out specifically the alleged title of the defendant, but need only allege that the defendant is unlawfully asserting a claim thereto adverse to him.  *See Union Mill & Mining Co. v. Warren*, 82 F. 519, 521-522 (C.C.D. Nev. 1897).  Accordingly, actions for quiet title are routinely brought against both the lender and the trustee under a deed of trust. *See e.g. In Camacho-Villa v. Great W. Home Loans*, 3:10-CV-210- ECR-VPC, 2011 WL 1103681 *7-8 (D. Nev. Mar. 23, 2011) (In action for quiet title, court found that documents recorded by trustee under deed of trust could cloud title to the property).

Moreover, in its claim for declaratory relief, Plaintiff alleges that a controversy exists between the parties regarding their rights and interest in the Property and requests that this Court declare their respective rights thereto. In Nevada, where a plaintiff seeks declaratory relief, all necessary parties must be joined to the lawsuit. *See* NRS 30.130. Here, Trustee Corps has already exercised its dominion and control over the Property by making recordings against the Property and foreclosing on the Property, thereby depriving Plaintiff of its rights and title therein. This is plainly adverse to Plaintiff's interest as titleholder to the Property. Thus, Trustee Corps' role is a fundamental element of this action, and this Court's determination will decide whether its duties and obligations were met as the trustee under the Deed of Trust.

Accordingly, Trustee Corps has an interest that may be affected by a declaration of this Court regarding the rights and interests in the Property, and NRS 30.130 requires that Trustee Corps be made a party to this action for declaratory relief.

### C.   PLAINTIFF HAS A VALID CLAIM FOR SLANDER OF TITLE AGAINST TRUSTEE CORPS

In Nevada, an action for slander of title requires: 1) false and malicious communications; 2) disparaging to one's land; and 3) special damaged arising therefrom. *Executive Management, Ltd. v. Ticor Title Ins. Co.*, 962 P.2d 465, 478 (Nev. 1998). To prove malice, the plaintiff must show "that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

The question of whether an association's super priority lien portion extinguishes an earlier recorded first deed of trust has been heavily contested in Nevada for the last few years. However, the Nevada Supreme Court, in its recent decision in *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (Nev. 2014), clarified that a non-judicial foreclosure of a homeowners association lien containing a super priority portion extinguishes an earlier-recorded first deed of trust. *Id*. at 419. Considering the plain language of NRS 116.3116(2), and the Nevada Supreme Court's recent clarification of that statute in the *SFR Investments* case, it is clear that Plaintiff took title to the Property free and clear of the Deed of Trust.

However, despite the extinguishment of the Deed of Trust that took place by operation of

law on March 15, 2013, Trustee Corps recorded a notice of breach and election to sell on August 13, 2013, a certificate of foreclosure mediation on November 8, 2013, and a notice of trustee sale on June 3, 2014. *See* Ex. 1 at ¶¶ 42, 44; *see also* RJN at Exs. 3, 4 and 5. Trustee Corps knew that recording the notice of default relating to the extinguished Deed of Trust and their improper election to sell the Property would disrupt and deprive Plaintiff of its rights as current title holder of the Property. Ex. 1 at ¶ 73. For Trustee Corps, it is a clear slander of Plaintiff's title to the Property to record documents pursuant to the Deed of Trust where such claimed interest has been extinguished. Accordingly, in its complaint, Plaintiff alleged that Trustee Corps falsely and maliciously recorded documents to cloud Plaintiff's title while knowing of the Association foreclosure sale and Plaintiff's ownership in the Property. *See* Ex. 1 at ¶¶ 71-75.

Trustee Corps argues that at the time of the actions it took against Plaintiff, the decision in *SFR Investments* had not been issued. However this decision interpreted and clarified a 1991 statute, and did not purport to create new law. Moreover, whether or not Trustee Corps was correct in relying on its interpretation of NRS 116.3116 and whether it actions were "reckless" or "malicious", are factual issues for trial and are not appropriate for a Rule 12(b)(6) motion to dismiss. *See Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008)("Malice is usually a question of fact for the jury to determine."). Accordingly, Trustee Corps' arguments lack merit and Plaintiff's claim for slander of title is sufficient to withstand a Rule 12(b)(6) motion to dismiss.

**D.    TRUSTEE CORPS JUDICIALLY ADMITTED THAT IT HAS NO INTEREST IN THE PROPERTY**

Within its moving papers, Trustee Corps judicially admits that it has no estate or interest in the Property. *See* Motion to Dismiss, at p. 9:4-7. Therefore, if the Court is to conclude it has jurisdiction to continue in this quiet title action, and given the judicial admission of Trustee Corps that it has no interest in the Property, any order dismissing Trustee Corps as a party should contain language finding that Trustee Corps has no "estate or interest in the Property."

/ / /

/ / /

9

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Trustee Corps' motion to dismiss in its entirety.

DATED this 5th day of January, 2015.

Respectfully submitted,

MAIER GUTIERREZ AYON

__/s/ Luis A. Ayon_____
LUIS AYON, ESQ.
Nevada Bar No. 9752
MARGARET E. SCHMIDT, ESQ.
Nevada Bar No. 12489
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Williston Investment Group, LLC*

10

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' MOTION TO DISMISS WITH PREJUDICE THE PLAINTIFF'S COMPLAINT** was made on this 5th day of January, 2015, via the Court's CM/ECF system to all parties and counsel as identified on the Court-generated Notice of Electronic Filing:

Abran E. Vigil            vigila@ballardspahr.com

Neal Gidvani            ngidvani@silgid.com

Phillip Silvestri         psilvestri@silgid.com

Richard Reynolds      rreynolds@bwslaw.com

Leslie Bryan Hart       lhart@lionelsawyer.com


            _____/s/ Charity Barber_____
            An Employee of MAIER GUTIERREZ AYON

# EXHIBIT 1

# EXHIBIT 1

# DISTRICT COURT CIVIL COVER SHEET

A-14-708817-C

XXVIII

Clark County, Nevada

Case No. _____

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC | JP MORGAN CHASE BANK NATIONAL ASSOCIATION; |
| | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, |
| | INC.; MTC FINANCIAL, INC.; FEDERAL HOME LOAN |
| | MORTGAGE CORPORATION; ROBERT WAKEFIELD |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Luis A. Ayon, Esq. and Margaret E. Schmidt, Esq., Maier Gutierrez Ayon | |
| 400 South Seventh Street, Suite 400, Las Vegas, Nevada 89101 | |
| (702) 697-7900 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☒ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

October 21, 2014
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
10/21/2014 04:25:45 PM

**CLERK OF THE COURT**

1  **COMP**
   LUIS A. AYON, ESQ.
2  Nevada Bar No. 9752
   MARGARET E. SCHMIDT, ESQ.
3  Nevada Bar No. 12489
   **MAIER GUTIERREZ AYON**
4  400 South Seventh Street, Suite 400
   Las Vegas, Nevada 89101
5  Telephone: (702) 629-7900
   Facsimile: (702) 629-7925
6  E-mail:    laa@mgalaw.com
              mes@mgalaw.com
7

8  *Attorneys for Plaintiff Williston Investment Group LLC*

9

   **DISTRICT COURT**
10
   **CLARK COUNTY, NEVADA**
11

12 WILLISTON INVESTMENT GROUP, LLC, a     Case No.: A-14-708817-C
   Nevada Limited Liability Company,        Dept. No.: XXVIII
13
                       Plaintiff,          **COMPLAINT**
14
   vs.
15                                          **Arbitration Exemptions:**
   JP MORGAN CHASE BANK NATIONAL           **1. Action for Declaratory Relief**
16 ASSOCIATION,  a  National  Association; **2. Action Concerning Real Property**
   MORTGAGE ELECTRONIC REGISTRATION
17 SYSTEMS, INC., a Foreign Corporation; MTC
   FINANCIAL, INC., a Foreign Corporation;
   FEDERAL  HOME  LOAN  MORTGAGE
18 CORPORATION,  a  Foreign  Corporation;
   ROBERT WAKEFIELD, an individual; DOES I
19 through X; and ROE CORPORATIONS I
   through X, inclusive,
20
                       Defendants.
21

22       Plaintiff WILLISTON INVESTMENT GROUP ("Plaintiff") by and through its attorneys of

23 record, the law firm MAIER GUTIERREZ AYON, hereby files its complaint against the above named

24 defendants, defendants DOES I through X, and ROE CORPORATIONS I through X (collectively,

25 "Defendants"), alleging as follows:

26                                    **PARTIES**

27       1.    Plaintiff is, and at all times pertinent hereto was, an individual residing in the State

28 of Nevada.

                                           1

2.      Plaintiff is the lawful titleholder of the real property located at 1519 Lake Placid Terrace, Henderson, Nevada 89014, and bearing Assessor's Parcel Number 178-09-515-001 (the "Property").

3.      Defendant JP MORGAN CHASE BANK NATIONAL ASSOCIATION ("CHASE") is, and at all times pertinent hereto was, a national association doing business in Clark County, Nevada.

4.      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is, and at all times pertinent hereto was, a foreign corporation doing business in Clark County, Nevada.

5.      Defendant MTC FINANCIAL, INC. ("MTC") is, and at all times pertinent hereto was, a foreign corporation doing business as "Trustee Corps" in Clark County, Nevada.

6.      Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION ("FHLMC") is, and at all times pertinent hereto was, a foreign corporation authorized to do business in the state of Nevada.

7.      Upon information and belief, Defendant ROBERT WAKEFIELD is, and at all times pertinent hereto was, an individual residing in Clark County, Nevada.

8.      Upon information and belief, each of the defendants sued herein as DOES I through X, inclusive, are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to Plaintiff as alleged herein; that when the true names and capacities of such defendants become known, Plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

9.      Upon information and belief, each of the defendants sued herein as ROE CORPORATIONS I thought X, inclusive, are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to Plaintiff as alleged herein; that when the true names and capacities of such defendants become known, Plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

2

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### THE PROPERTY: CC&Rs RECORDED PRIOR TO DEED OF TRUST

10.     The Property at issue in this action is within the Desert Linn Condominium common-interest community governed by non-party the Desert Linn Condominiums (the "Association").

11.     The Association is a homeowners association organized under NRS Chapter 116 and created by the recording of its declaration of covenants, conditions, and restrictions ("CC&Rs") on or about August 9, 1993.

12.     Upon information and belief, no party still claiming an interest in the Property recorded a lien or encumbrance prior to the Association's CC&Rs.

13.     Pursuant to NRS 116.3116(5), recording of the CC&Rs constituted record notice and perfection of the Association's lien for delinquent assessments under NRS 113.3116 (the "Association Lien").

14.     On or about September 1, 2005, defendant ROBERT WAKEFIELD ("Wakefield") entered into a loan agreement with non-party Washington Mutual Bank FA ("WAMU") in the amount of $204,000.00, for the purchase of the Property.

15.     Upon information and belief, a deed of trust securing this loan was recorded on or about July 18, 2005 as Instrument No. 200507180001059 (the "First Deed of Trust").

16.     Upon information and belief, on or about September 25, 2008, WAMU submitted to receivership under the Federal Deposit Insurance Corporation ("FDIC"). The receiver transferred substantially all of WAMU's assets and liabilities to CHASE pursuant to a purchase and assumption agreement dated September 25, 2008. At all times relevant to this case, Defendant CHASE was acting as Attorney in Fact for the FDIC as Receiver of Washington Mutual Bank, FA.

17.     By operation of law, the Association Lien was recorded and perfected over one year prior to both the Deed of Trust, and was therefore first-in-time, first-in-right.

### DEFAULT AND FORECLOSURE UNDER THE ASSOCIATION LIEN

18.     Pursuant to NRS 116, Wakefield was "obligated to pay for a share of real estate taxes, insurance premiums, maintenance or improvement of, or services or other expenses related

3

to, common elements, other units or other real estate described in that declaration" (NRS 116.021) and the Association was permitted to collect these assessments (NRS 116.3102(1)(b)).

19. NRS 116.31162 through 116.31168 provide associations with the statutory power to enforce liens for delinquent assessments through non-judicial foreclosure.

20. Pursuant to NRS 116.3116(2), the entire homeowners association lien is prior to all other liens and encumbrances of unit except:

    1.    Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes, or takes subject to;

    2.    A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and

    3.    Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

21. However, NRS 116.3116(2) continues by stating that a portion of the association lien (the "super-priority" lien) is "prior to" a first security interest as follows:

    The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien...

22. Pursuant to NRS 116.3116(4), an association perfects its lien by recording the declaration, providing notice to any future first deed of trust holder of the potential that, under the statute, an association lien may take priority over the first deed of trust, even if the notice of default on the association assessments is recorded after the first deed of trust.

23. Chapter 116 was enacted in 1991, thus Defendants were on notice that by operation of the statute, the Association's CC&Rs can entitle the Association to a super-priority lien that would take priority over a first deed of trust.

24. NRS 116.31162 through 116.31168 describe the enforcement of an association lien through non-judicial foreclosure.

25.     An association foreclosure sale, like all foreclosure sales, extinguishes junior security interests. Therefore, the foreclosure of an association's "super-priority" lien extinguishes all junior interests, including a first deed of trust.

26.     Following Wakefield's failure to pay assessments, the Association recorded a notice of its Lien on February 23, 2012, which provided that the Association Lien delinquent assessments incurred immediately preceding this initial action to enforce the Lien.

27.     Accordingly, the Association Lien contained amounts superior to any deed of trust by operation of law.

28.     On April 13, 2012, non-party Nevada Association Services, Inc. ("NAS"), as agent for the Association, recorded a notice of default and election to sell after neither Wakefield nor the beneficiary of the Deed of Trust paid the $2,887.71 in delinquent assessments owed under the Association Lien.

29.     On November 8, 2012, notice of the Association's foreclosure sale was recorded, which provided that NAS would sell the Property at public auction to satisfy the Association Lien.

30.     Upon information and belief, copies of the Association's notice of default and foreclosure sale were sent to all parties with a record interest in the Property via certified mail and/or first class mail.

31.     Accordingly, Wakefield and the beneficiaries of the Deed of Trust had both record notice and actual notice of the Association's intent to foreclose on its Lien.

32.     Thereafter, the Property was sold at public auction by NAS on March 15, 2013, pursuant to NRS 116.3116 *et seq*.

33.     Plaintiff was the highest bidder at the Association foreclosure sale and tendered payment to NAS for the entire amount of the Association Lien, including the super-priority amounts.

34.     Plaintiff took title in the Property via a foreclosure deed recorded on March 21, 2013, in the Official Records of the Clark County Recorder as Instrument No. 201303210003010 (the "Deed"), which is conclusive against the Defendants and is conclusive proof of the matters recited therein.

35.     Pursuant to the Deed, the Association foreclosure sale was properly conducted in accordance with NRS 116.3116, *et seq.*, and all requirements of law, including noticing, were complied with.

36.     Upon information and belief, the Association, or its agent NAS, distributed or should have distributed the excess funds from the foreclosure sale to lien holders in order of priority pursuant to NRS 116.31164(3)(c). Thus, the receipt for the purchase money was sufficient to discharge Plaintiff from any obligation to see to the proper application thereof.

37.     NRS 116.3116(2) gives an association a true super-priority lien, proper foreclosure of which will extinguish a deed of trust.

38.     Therefore, as the Deed of Trust was junior to the Association Lien, the Association foreclosure sale extinguished any security interests held in the Property pursuant to the Deed of Trust.

39.     Moreover, by operation of law, Wakefield's title to the Property vested in Plaintiff without equity or right of redemption following the Association's foreclosure of the Property.

40.     After acquiring the Property, Plaintiff expended significant funds and resources in relation to the Property.

### DEED OF TRUST ASSIGNED AND ENFORCED FOLLOWING ITS
### DEFAULT AND EXTINGUISHMENT

41.     Upon information and belief, defendant MERS was designated as nominee for the beneficiary, WAMU, under the Deed of Trust.

42.     Upon information and belief, Wakefield stopped paying principal and interest on the mortgage secured by the Deed of Trust before early 2013. MTC recorded its first Notice Of Breach and Election to Sell on August 13, 2013 as Instrument No. 201308130003257.

43.     On March 15, 2013, the Deed of Trust was extinguished by operation of law, thus the beneficiary and trustee under the Deed of Trust were subsequently barred from enforcing the extinguished security interest against the Property and from extinguishing any of Plaintiff's ownership interests therein.

44.     On June 3, 2014, MTC recorded a Notice of Trustee Sale as Instrument No.

201406030002409.

45. CHASE (as Attorney in Fact for the FDIC as WAMU's receiver) issued an Assignment of Deed of Trust on June 16, 2014, purporting to directly transfer its interest in the Deed of Trust on the Property to FHLMC. This assignment was recorded on July 15, 2014 as Instrument No. 201407150003220.

46. Upon information and belief, three weeks after CHASE assigned the deed of trust to FHLMC, a trustee sale proceeded on July 11, 2014, wherein the Property was 'sold' to FHLMC for $58,700.07 in cash. MTC issued a trustee deed issued to FHLMC on July 14, 2014. FHLMC recorded its trustee deed on July 15, 2014, as Instrument No. 201407150003221.

47. The Defendants' trustee sale and assignment of deed of trust are *void ab initio*, thus the subsequent recording was improper under Nevada law. As MERS, MTC nor CHASE possessed a valid security interest in the Property at the time of the purported transfer, these assignments to FHLMC were invalid.

## FIRST CLAIM FOR RELIEF

### (Wrongful Foreclosure – CHASE and MTC)

48. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporate the same herein by reference.

49. In Nevada, promissory notes on real estate loans are typically secured by deeds of trust on the property.

50. The note represents the right to the repayment of the debt, while the deed of trust represents the security interest in the property that is being used to secure the note.

51. The deed of trust does not convey title so as to allow the beneficiary to obtain the property without foreclosure and sale, but is considered merely a lien on the property as security for the debt, subject to the laws on foreclosure and sale.

52. To enforce the obligation by non-judicial foreclosure and sale, the deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as a means of satisfying repayment.

53. The trustee must have authority to act as the holder, or the agent of the holder, of

1   both the deed and the note together in order to enforce non-judicial foreclosure of a property.

2   54.   As alleged above, the Property was purchased at an association foreclosure sale of a

3   super-priority lien, and by operation of law, the association sale extinguished any junior lien

4   against the Property, including the Deed of Trust.

5   55.   As Defendants' trustee sale was conducted on July 11, 2014, after the Deed of Trust

6   was extinguished, CHASE and MTC could not meet the requirements imposed by Assembly Bill

7   284, as codified in NRS 107.080(2)(c), and the Property was unlawfully sold without legal

8   authority.

9   56.   Defendants' sale of the Property, under the circumstances of record, is contrary to

10   equity and good conscience in that such sale was instituted by parties who had no legal standing to

11   institute or maintain the foreclosure *ab initio*.

12   57.   Thus, Plaintiff is requesting that the Court vacate the July 11, 2014 trustee's sale

13   and that title to the Property revert back to Plaintiff.

14   58.   As a direct and proximate result of the Defendants' actions, Plaintiff has suffered

15   damages in an amount in excess of $10,000.00.

16   59.   That, as a direct and proximate result of the aforementioned actions of Defendants,

17   Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs

18   to bring this action.

19                          **SECOND CLAIM FOR RELIEF**
                  **(Declaratory Relief/Quiet Title Pursuant to NRS 40.010**
20                       **and 116.3116, *et seq.* – all Defendants)**

21   60.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the

22   complaint as though fully set forth herein and incorporates the same herein by reference.

23   61.   This Court has the power and authority to declare Plaintiff's rights and interests in

24   the Property, and the resolution of Defendants' adverse claims, if any, to it.

25   62.   Plaintiff acquired the Property via foreclosure of the Association Lien on or about

26   March 15, 2013.  Thereafter, Plaintiff properly recorded its Deed on or about March 21, 2013.

27   63.   Defendants are claiming adverse interests in the Property by way of the competing

28   Deed of Trust and prior ownership of the Property.

MAIER GUTIERREZ AYON PLLC
ATTORNEYS AT LAW

64. The Association Lien contained delinquent assessments incurred preceding institution of an action to enforce the Lien, accordingly, the Deed of Trust was junior to the Association Lien at the time of the Association's foreclosure sale.

65. Pursuant to Plaintiff's Deed, the Association foreclosure sale was properly conducted in accordance with NRS 116.3116, *et seq.*, and all requirements of law, including noticing, were complied with.

66. NRS 116.3116(2) gives an association a true super-priority lien, proper foreclosure of which will extinguish a first deed of trust. Therefore, as the Deed of Trust was junior to the Association Lien, the Association foreclosure sale extinguished any security interests held in the Property pursuant to the Deed of Trust, including those interests claimed by defendants MTC, CHASE, MERS and FHLMC.

67. Moreover, upon the Association's foreclosure of the Property, defendant Wakefield's title to the Property vested in Plaintiff without equity or right of redemption.

68. Accordingly, Plaintiff is entitled to a declaratory judgment from this Court finding that: (1) Plaintiff is the rightful holder of title to the Property; (2) Plaintiff's Deed is valid and enforceable; (3) Plaintiff's rights to the Property and interest in the Property are superior to any adverse interest claimed by Defendants; (4) Defendants, and each of them, be declared to have no right, title or interest in the Property; and (5) Defendants' purported rights, titles and/or or interests in the Property are thereby extinguished.

## THIRD CLAIM FOR RELIEF

### (Slander of Title – CHASE, MTC and FHLMC)

69. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

70. Pursuant to the Deed recorded on March 21, 2013, Plaintiff is the current title holder of the Property.

71. On March 15, 2013, the Deed of Trust was extinguished by operation of law, thus the beneficiary and trustee under the Deed of Trust were subsequently barred from enforcing the extinguished security interest against the Property and from extinguishing any of Plaintiff's

1   ownership interests therein.

2        72.    However, five months after the Deed of Trust was extinguished, on August 13,

3   2014, MTC, individually and on behalf of CHASE, recorded a notice of default and election to sell

4   the Property based on the previously extinguished Deed of Trust.

5        73.    CHASE and MTC knew that recording the notice of default relating to the

6   extinguished Deed of Trust and their improper election to sell the Property would disrupt and

7   deprive Plaintiff of his rights as current titleholder of the Property.

8        74.    CHASE, MTC and FHLMC's recordings relating to the extinguished Deed of Trust

9   serve no legal purpose but continue to improperly cloud the title to Plaintiff's Property and prevent

10  Plaintiff from selling the Property and/or placing the same upon the market.

11       75.    As the Deed of Trust was extinguished, the notice of default and election to sell, and

12  subsequent recordings are false and malicious communications disparaging to Plaintiff's title in

13  land.

14       76.    Plaintiff has sustained special damages resulting from CHASE, MTC and FHLMC's

15  false and malicious actions.

16       77.    As a direct and proximate result of CHASE, MTC and FHLMC's actions, Plaintiff

17  has suffered damages in an amount in excess of $10,000.00.

18       78.    As a direct and proximate result of the aforementioned actions of CHASE, MTC

19  and FHLMC, Plaintiff has been required to engage the services of an attorney, incurring attorney's

20  fees and costs to bring this action.

21                          **FOURTH CLAIM FOR RELIEF**

22                   **(Preliminary and Permanent Injunction – FHLMC)**

23       79.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the

24  complaint as though fully set forth herein and incorporates the same herein by reference.

25       80.    Plaintiff is the rightful titleholder of the Property; however, defendant FHLMC is

26  claiming possession of the Property following the invalid and void trustee sale of July 11, 2014.

27       81.    Upon information and belief, FHLMC is currently listing the Property for sale under

28  MLS listing #GLVARNV_1481531.

MAIER GUTIERREZ AYON PLLC
ATTORNEYS AT LAW

82.  Plaintiff has a clear legal right to seek preliminary and permanent injunctive relief against FHMLC as Plaintiff is the rightful title owner of the Property and as FHLMC is seeking to take possession, custody, and control and/or transfer the Property to a third-party purchaser pursuant to the extinguished Deed of Trust without satisfying the necessary legal standing requirements.

83.  Furthermore, the documents recorded by CHASE, MTC and FHLMC pertaining to an extinguished security interest are impeding the marketability and transferability of Plaintiff's interests in the Property free of defects in title as well as hindering Plaintiff's ability to sell the Property and/or place the same upon the market.

84.  Plaintiff has no adequate remedy at law to redress the harm complained of, and any subsequent foreclosure sale of the Property pursuant to the Deed of Trust is contrary to equity and good conscience in that such sale was instituted by parties who had no legal standing to institute or maintain the foreclosure *ab initio*.

85.  In Nevada, real property and its attributes are considered unique and the loss of real property rights generally results in irreparable harm.  The subsequent transfer of ownership would be difficult to reverse, and Plaintiff's loss of use of the Property, would be impossible to recompense.

86.  Plaintiff will be seriously injured unless FHLMC's activities complained of are preliminarily and permanently enjoined.  Plaintiff will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.

87.  Furthermore, on the basis of the facts described herein, Plaintiff has a reasonable probability of success on the merits of his claims.

88.  Accordingly, Plaintiff seeks a preliminary and permanent injunction to enjoin FHLMC from asserting ownership, offering for sale, transferring and/or recording documents on the Property.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.  For a declaration and determination that: (1) Plaintiff is the rightful holder of title to the Property; (2) Plaintiff's Deed is valid and enforceable; (3) Plaintiff's rights to the Property and interest in the Property are superior to any adverse interest claimed by Defendants; (4) Defendants, and each of them, be declared to have no right, title or interest in the Property; and (5) Defendants'

11

1    purported rights, titles and/or or interests in the Property are thereby extinguished.

2        2.    For an award of damages and losses in an amount in excess of $10,000.00, to be

3    proven at trial;

4        3.    For an award of special damages in an amount to be proven at trial;

5        4.    For an award of reasonable attorney's fees and costs incurred in this action;

6        5.    For a preliminary and permanent injunction enjoining defendant FHLMC, together

7    with any and all of their affiliates, agents, employees and attorneys, from asserting ownership,

8    transferring, recording documents, and/or unlawfully foreclosing on the Property; and

9        6.    For such other and further relief as the Court may deem proper.

10   DATED this 21st day of October, 2014.

11       Respectfully submitted,

12       MAIER GUTIERREZ AYON

15       LUIS AYON, ESQ.
         Nevada Bar No. 9752
16       MARGARET E. SCHMIDT, ESQ.
         Nevada Bar No. 12489
17       400 South Seventh Street, Suite 400
         Las Vegas, Nevada 89101
18       *Attorneys for Plaintiff Williston Investment Group LLC*

12