Abran E. Vigil (SBN 7548)
Sylvia O. Semper (SBN 12863)
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Tel: (702) 471-7000; Fax: (702) 471-7070
*vigila@ballardspahr.com; sempers@ballardspahr.com*
*Attorneys for Defendants JPMorgan Chase Bank, N.A.,*
*Mortgage Electronic Registration Systems, Inc., and*
*Federal Home Loan Mortgage Corporation*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2228   Fax: (775) 788-2229
*lhart@fclaw.com; jtennert@fclaw.com*

Asim Varma, Esq.  *(admitted pro hac vice)*
Howard N. Cayne, Esq. *(pro hac vice petition to be filed)*
Michael A.F. Johnson, Esq. *(admitted pro hac vice)*
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
*Asim.Varma@aporter.com; Howard.Cayne@aporter.com;*
*Michael.Johnson@aporter.com*
*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MTC FINANCIAL, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; ROBERT WAKEFIELD; DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants, | CASE NO. 2:14-cv-02038-GMN-PAL<br><br>**JOINT MOTION TO STAY DISCOVERY**<br>**(First Request)** |

1

10107216.1

and

FEDERAL HOUSING FINANCE AGENCY,

         Intervenor.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

         Counterclaimant,

and

FEDERAL HOUSING FINANCE AGENCY,

Intervenor,

vs.

WILLISTON INVESTMENT GROUP, LLC; and DESERT LINN CONDOMINIUMS

         Counter-defendants.

    Plaintiff/Counter-Defendant, Williston Investment Group, LLC ("Williston"), Defendant/Counterclaimant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Defendant JPMorgan Chase Bank National Association; Defendant Mortgage Electronic Registration Systems, Inc.; Defendant MTC Financial, Inc., Counter-Defendant, Desert Linn Condominiums ("Desert Linn"), and Intervenor, Federal Housing Finance Agency ("FHFA," and collectively, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26 and based on the enclosed Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

    The Parties have engaged in discussions and agree that discovery in this matter should be stayed pending resolution of Freddie Mac and FHFA's Motion for Summary Judgment to be filed imminently in this action. The Parties agree that a stay of discovery is warranted because the Motion for Summary Judgment raises a dispositive legal issue, the resolution of which will clarify what, if any, discovery is required. Accordingly, the Parties respectfully request that the Court exercise its inherent authority to stay discovery pending resolution of the Motion for Summary Judgment.

10107216.1

## II. BACKGROUND

On October 21, 2014, Williston filed a Complaint in Clark County, Nevada District Court against Freddie Mac, JPMorgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), MTC Financial, Inc., and Robert Wakefield, seeking a declaration that it is the rightful owner, free and clear of all liens and encumbrances, of real property commonly known as Lake Placid Terrace, Henderson, Nevada 89014; APN 178-09-515-001 ("the Property"). (Dkt. #1-1.)  On December 4, 2014, this case was removed to this Court. (Dkt. # 1.) On February 6, 2015, the Court granted FHFA's Motion to Intervene, permitting FHFA to intervene as Conservator for Freddie Mac. (Dkt. # 40.)

On January 28, 2015, the Court granted the Parties' Stipulation and Order for Extension of Time to Submit Joint Discovery Plan, and ordered the Parties to submit a Joint Discovery Plan by February 25, 2015.  (Dkt. # 32.)  In response to the Order, the Parties now jointly move the Court to stay discovery until Freddie Mac and FHFA's Motion for Summary Judgment is decided.

Freddie Mac and FHFA have acted to resolve the litigation efficiently by preparing a Motion for Summary Judgment, which Freddie Mac and FHFA filed on February 25, 2015. FHFA and Freddie Mac contend that their Motion will raise a single legal issue that is dispositive of Plaintiff's claims. Their Motion will argue that, pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.,* the homeowners' association ("HOA") foreclosure sale conducted by Desert Linn did not extinguish Freddie Mac's interest in the deed of trust, and, thus Freddie Mac retains an interest in the Property superior to any interest of Williston.

In two other cases pending in this District, the court has granted the parties' joint motions to stay discovery pending resolution of motions for summary judgment that are based on the same question of law as in the Motion for Summary Judgment in this action.  *See* Order, *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-GMN-NJK, (Dkt. # 66); Order, *Elmer v. Fed. Home Loan Mortg. Corp.,* No. 2:14-cv-01999-GMN-NJK, (Dkt. # 60).

10107216.1

### III. LEGAL ARGUMENT

**A.   Standard of Review Governing Motion to Stay Discovery**

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.").

In this district, courts "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1, [which is an evaluation of] whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to stay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay,* 728 F.R.D. at 603.  Indeed, courts may limit discovery "upon showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 601 (quoting *Wagh v. Metris Direct, Inc.,* 363 F.3d 821, 829 (9th Cir. 2003)). Further, a stay of discovery may be appropriate to "further[] the goal of efficiency for the court and the litigants." *Id.*

In deciding whether to stay discovery, this Court "considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *BAC Home Loan Servicing, LP v. Advanced Funding Strategies, Inc.*, No. 2:13-CV-00722-JAD-PAL, 2013 WL 6844766, at *4 (D. Nev. Dec. 27, 2013).  Recognizing that "[d]iscovery is expensive," this Court has described its role as

> evaluat[ing] the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.  With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

10107216.1

1  *Id.*  Relevant to a motion to stay is whether the motion might "cause unwarranted delay,
2  especially if a pending dispositive motion challenges fewer than all of [p]laintiff's claims."  *Id.*
3  Thus, where a pending dispositive motion "raises no factual issues and will be decided purely on
4  issues of law," this Court has approved stays of discovery.  *U.S. ex rel. Howard v. Shoshone*
5  *Paiute Tribes*, No. 2:10-CV-01890-GMN-PAL, 2012 WL 2327676, at *7 (D. Nev. June 19,
6  2012); *see Tradebay,* 728 F.R.D. at 608; *Pettit v. Pulte Mortgage, LLC*, No. 2:11-CV-00149-
7  GMN-PAL, 2011 WL 5546422, at *6 (D. Nev. Nov. 14, 2011).

8  **B.      The Parties Agree That a Stay Is Appropriate Because the Pending Motion May
9  Resolve Williston's Claims and Can Be Decided Without Discovery**

10  Under the above standard, a stay of discovery is appropriate in this case. The Parties
11  agree that Freddie Mac and FHFA's pending Motion for Summary Judgment, if granted, will
12  dispose of Williston's claims in this case.  Here, Williston seeks to quiet title and to cancel
13  instruments against all Defendants, leaving it owning the Property free and clear of any right,
14  title, interest or claim by Freddie Mac.  (Compl. ¶¶ 11-12.)  Williston alleges it acquired title to
15  the property free and clear of Freddie Mac's deed of trust in a foreclosure sale conducted by
16  Desert Linn.  (*Id.* ¶¶ 33-34, 38.)  Freddie Mac and FHFA argue that pursuant to 12 U.S.C.
17  § 4617(j)(3), Freddie Mac's property interest cannot be extinguished without the consent of
18  FHFA so long as Freddie Mac is in conservatorship.  Thus, under Section 4617(j)(3), Freddie
19  Mac's interest was not extinguished by Desert Linn's foreclosure sale.  Accordingly, the Motion
20  for Summary Judgment "will be decided purely on issues of law," *Tradebay*, 278 F.R.D. at 608;
21  Williston's claim to quiet title must be denied if the Court finds that under federal law Freddie
22  Mac retains its interest in the property.  The Motion for Summary Judgment does not require a
23  resolution of disputed material facts; rather, it presents a pure question of law and requires only
24  the Court's interpretation of Section 4617(j)(3) and its preemptive effect on Nevada law.

25  The Parties agree that, in this case, the "preliminary peek" sometimes conducted by this
26  Court in resolving a motion to stay need not be a searching evaluation of the merits.  As this
27  Court has recognized, a "preliminary peek ... is not intended to prejudge the outcome," but
28  rather, "to evaluate the propriety of an order staying or limiting discovery with the goal of

10107216.1

1  accomplishing the objectives of Rule 1." *BAC Home Loan Servicing*, 2013 WL 6844766, at *4.

2  As in *Howard*, *Tradebay*, and *Petit*, where this Court granted stays of discovery, the

3  Motion for Summary Judgment presents a dispositive legal question that would resolve

4  Plaintiff's claims without the need for discovery. *See Howard*, 2012 WL 2327676, at *7;

5  *Tradebay*, 728 F.R.D. at 608; *Pettit*, 2011 WL 5546422, at *6.  Thus, the Parties agree that the

6  Court need only confirm that the Motion for Summary Judgment presents a legal question

7  potentially dispositive of Plaintiff's claims to determine that it would be "more just to delay or

8  limit discovery … to accomplish the inexpensive determination of the case." *BAC Home Loan

9  Servicing*, 2013 WL 6844766, at *4.

10 Indeed, a stay is even more justified here; in *Howard*, *Tradebay*, and *Petitt* the motion to

11 stay was opposed.  Here, all Parties that have appeared before this Court in this action agree to a

12 stay of discovery, and agree that a stay would "secure the just, speedy, and inexpensive

13 determination" of this action.  Fed. R. Civ. P. 1.

## IV. CONCLUSION

15 Based on the foregoing, the Parties respectfully request that the Court stay discovery

16 pending resolution of the Motion for Summary Judgment.

DATED this 25th day of February, 2015.

BALLARD SPAHR LLP

 /s/ Abran E. Vigil
Abran E. Vigil (SBN 7548)
Sylvia O. Semper (SBN 12863)
Matthew D. Lamb (SBN 12991)
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Tel: 702-868-7545  Fax: 702-471-7070
lambm@ballardspahr.com
sempers@ballardspahr.com
*Attorneys for Defendant and Counterclaimant Federal Home Loan Morgan Corporation and Defendants JPMorgan Chase, N.A., and Mortgage Electronic Registration Systems, Inc.*

MAIER GUTIERREZ AYON

/s/ Margaret Schmidt
Luis A. Ayon (SBN 9753)
Margaret Schmidt (SBN 12489)
400 S. Seventh Street, Suite 400
Las Vegas, NV  89101
Tel: (702) 629-7900   Fax: (702) 629-7925
laa@mgalaw.com
mes@mgalaw.com
*Attorneys for Plaintiff and Counterdefendant Williston Investment Group, LLC*

6

10107216.1

| | |
|---|---|
| FENNEMORE CRAIG, PC<br><br>/s/   Leslie Bryan Hart<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>lhart@fclaw.com<br><br>ARNOLD & PORTER LLP<br><br>/s/   Asim Varma<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>Dan A. Leary<br>555 12th Street NW<br>Washington, DC 20004<br>Tel: (202) 942-5000   Fax: (202) 942-5999<br>Asim.Varma@aporter.com<br>Howard.Cayne@aporter.com<br>Michael.Johnson@aporter.com<br>Dan.Leary@aporter.com<br>*Attorneys for Intervenor Federal Housing Finance Agency* | BURKE, WILLIAMS & SORENSEN, LLP<br><br>/s/ Richard J. Reynolds<br>Richard J. Reynolds<br>1851 East First Street, Suite 1550<br>Santa Ana, CA 92705<br>Tel: (949) 863-3363   Fax: (949) 863-3350<br>rreynolds@bwslaw.com<br>*Attorney for Defendant MTC Financial, Inc.*<br><br>GORDON & REES LLP<br><br>/s/ Joseph P. Hardy<br>Joseph P. Hardy (SBN 7370)<br>3770 Howard Hughes Pkwy, Suite 100<br>Las Vegas, NV 89169<br>Tel: (702) 577-9300   Fax: (702) 255-2858<br>jhardy@gordonrees.com<br>*Attorneys for Counterdefendant Desert Linn Condominiums* |

**IT IS ORDERED** that the Joint Motion to Stay (Dkt. #46) is **GRANTED**.  The parties shall have 14 days from a decision denying the pending motion for summary judgment to file a joint proposed discovery plan and scheduling order.

**DATED** this 5th day of March, 2015.

Peggy A. Leen
United States Magistrate Judge

7

10107216.1

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 25th day of February, 2015, a true and correct copy of **JOINT MOTION TO STAY DISCOVERY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Abran E. Vigil (SBN 7548)
Sylvia O. Semper (SBN 12863)
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Tel: (702) 471-7000; Fax: (702) 471-7070
*vigila@ballardspahr.com; sempers@ballardspahr.com*

Luis A. Ayon (SBN 9753)
Margaret Schmidt (SBN 12489)
MAIER GUTIERREZ AYON
400 S. Seventh Street, Suite 400
Las Vegas, NV  89101
Tel: (702) 629-7900   Fax: (702) 629-7925
*laa@mgalaw.com; mes@mgalaw.com*

Richard J. Reynolds
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705
Tel: (949) 863-3363   Fax: (949) 863-3350
*rreynolds@bwslaw.com*

Joseph P. Hardy (SBN 7370)
GORDON & REES LLP
3770 Howard Hughes Pkwy, Suite 100
Las Vegas, NV 89169
Tel: (702) 577-9300   Fax: (702) 255-2858
*jhardy@gordonrees.com*

/s/ Pamela Carmon
An employee of Fennemore Craig, P.C.

10107216.1