**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC, a Nevada limited Liability Company,<br><br>      Plaintiff,<br><br> vs.<br><br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; MTC FINANCIAL, INC., a Foreign Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation; ROBERT WAKEFIELD, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>      Defendants,<br>FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Corporation,<br><br>      Intervenor,<br>JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation,<br><br>      Counter-Plaintiffs,<br> vs.<br><br>WILLISTON INVESTMENT GROUP, LLC; and DESERT LINN CONDOMINIUMS,<br><br>      Counter-Defendants. | Case No.: 2:14-cv-02038-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendant MTC Financial Inc. dba Trustee Corps ("Trustee Corps"). Plaintiff/Counter-Defendant Williston Investment Group, LLC ("Plaintiff") filed a Response (ECF No. 18), and Trustee Corps filed a Reply (ECF No. 29).

## I. BACKGROUND

This case arises out of a dispute between the parties over the effects of Desert Linn Condominiums' (the "HOA") foreclosure on their "super-priority" interest in real property under Nevada Revised Statutes § 116.3116.

On July 12, 2005, Robert Wakefield ("Wakefield") obtained a loan in the amount of $153,000 from Washington Mutual Bank, FA ("WAMU") that was secured by a Deed of Trust on real property located at 1519 Lake Placid Terrace, Henderson, Nevada 89014 (the "Property"). (Deed of Trust, ECF No. 6-1).[1] The Deed of Trust named WAMU as the beneficiary and California Reconveyance Company as the trustee. (*Id.*). On August 14, 2012, JPMorgan Chase Bank, N.A. ("Chase") substituted Trustee Corps as the trustee of the Deed of Trust. (Substitution of Trustee, ECF No. 6-2).

Upon Wakefield's failure to maintain payments for assessments by the HOA, the Property was sold by the HOA at public auction on March 15, 2013. (Compl. ¶ 26–32, ECF No. 1-1). Plaintiff purchased the Property as the highest bidder at the HOA foreclosure sale. (Foreclosure Deed, ECF No. 6-9).

Meanwhile, on August 13, 2013, Trustee Corps recorded a Notice of Breach and Default and Election to Sell, indicating that Wakefield had failed to perform obligations pursuant to the Deed of Trust. (Not. of Breach and Default and Election to Sell, ECF No. 6-3). On June 3, 2014, Trustee Corps recorded a Notice of Trustee's Sale, setting a trustee sale of the

---

[1] The Court takes judicial notice of Exhibits 1–9 (ECF Nos. 6-1–6-9) of Trustee Corps' Request for Judicial Notice. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

Property on July 11, 2014. (Not. of Trustee's Sale, ECF No. 6-5). Freddie Mac subsequently purchased the Property as the highest bidder at the July 11, 2014 trustee sale (Trustee's Deed Upon Sale, ECF No. 6-7), and Chase assigned the beneficial interest in the Deed of Trust to Freddie Mac on June 16, 2014 (Assignment of Deed of Trust, ECF No. 6-6).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of

"matters of public record." *Mack*, 798 F.2d at 1282. Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Wrongful Foreclosure

Plaintiff's first claim for relief alleges that, because "Defendants' trustee sale was conducted on July 11, 2014, after the Deed of Trust was extinguished, CHASE and [Trustee Corps] could not meet the requirements imposed by Assembly Bill 284, as codified in NRS 107.080(2)(c), and the Property was unlawfully sold without legal authority." (Compl. ¶ 55, ECF No. 1-1). Moreover, Plaintiff alleges that "Defendants' sale of the Property, under the circumstances of the record, is contrary to equity and good conscience in that such sale was instituted by parties who had no legal standing to institute or maintain the foreclosure *ab initio*." (*Id.* ¶ 56). As a result, Plaintiff requests that the Court vacate the July 11, 2014 trustee sale, award damages, and award attorney's fees and costs. (*Id.* ¶ 57–59).

Trustee Corps contends that "Plaintiff does not plead *what* in the notice of default or in the accompanying affidavit was defective or deficient." (Mot. to Dismiss 14:28–15:1, ECF No. 5). NRS 107.080(2)(c) requires that a trustee include in its notice of the breach and of the

election to sell "a notarized affidavit of authority to exercise the power of sale." Here, Plaintiff alleges that Trustee Corps violated NRS 107.080(2)(c) because it did not have the authority to exercise the power of sale. (*See* Compl. ¶¶ 55–56). Accordingly, the Court finds that Plaintiff has adequately pled a claim of wrongful foreclosure against Trustee Corps based on violation of NRS 107.080(2)(c).

However, Trustee Corps also contends that Plaintiff's claim is time-barred by NRS 107.080(5) or (6). (Mot. to Dismiss 15:8–18). Pursuant to NRS 107.080(5)(b), a claim for violation of NRS 107.080 has to be made "within 45 days after the date of the sale." Although, "[i]f proper notice is not provided … the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 60 days after the date on which the person received actual notice of the sale." NRS 107.080(6). The trustee sale occurred on July 11, 2014, and Plaintiff initiated the instant action on October 21, 2014—more than three months after the date of sale. (*See* Compl.).

When a motion to dismiss is brought on the ground that the plaintiff's complaint is untimely, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Here, Plaintiff does not allege in its Complaint that it ever received proper notice. Additionally, Plaintiff does not allege when it received actual notice. Moreover, the documents judicially noticed do not provide details as to when Plaintiff received actual notice of Defendants' sale. Accordingly, the Court cannot determine whether Plaintiff's claim of wrongful foreclosure is time-barred by NRS 107.080(5) or (6) and thus, denies Trustee Corps' Motion to Dismiss on such grounds.

### B.     Quiet Title

Plaintiff's second claim for relief seeks a declaration under NRS 40.010 that none of the defendants has any right, title, interest or claim to the Property. (Compl. ¶ 60–68). Trustee

Corps argues that this claim should be dismissed because Trustee Corps does not have and does not claim any interest in the Property. (Mot. to Dismiss 15:3–6). NRS § 40.010 states that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Because Trustee Corps claims no estate or interest in the Property whatsoever, the Court grants Trustee Corps' Motion to Dismiss as to this claim.

### C.     Slander of Title

Plaintiff's third claim for relief alleges a claim of slander of title against Trustee Corps. (Compl. ¶¶ 69–78). To state a claim for slander of title, a plaintiff must allege that a defendant made (1) false and malicious communications; (2) disparaging to one's title in land; (3) that cause special damages. *Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987) (per curiam).

Here, Plaintiff alleges that Trustee Corps "recorded a notice of default and election to sell the Property based on the previously extinguished Deed of Trust." (Compl. ¶ 72). Moreover, Plaintiff alleges that Trustee Corps "knew that recording the notice of default relating to the extinguished Deed of Trust and their improper election to sell the Property would disrupt and deprive Plaintiff of his rights as current titleholder of the Property." (*Id.* ¶ 73). Furthermore, Plaintiff alleges that, "[a]s the Deed of Trust was extinguished, the notice of default and election to sell was a false and malicious communication disparaging to Plaintiff's title in land," resulting in special damages sustained by Plaintiff. (*Id.* ¶ 75–76).

Accordingly, the Court finds that, taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Complaint adequately pleads a claim of slander of title. Although Trustee Corps contends that malice cannot be shown based on its interpretation of existing law at the time of recording pertinent documents in this case, such issues are not amenable at the motion to dismiss stage because the Court cannot look beyond the pleadings of the Complaint or the judicially-noticed documents. *See Hal Roach Studios*, 896

F.2d at 1555 n.19.  Therefore, the Court denies Trustee Corps' Motion to Dismiss as to this claim.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Trustee Corps' Motion to Dismiss (ECF No. 5) is **GRANTED in part** and **DENIED in part**.  Plaintiff's quiet title claim is dismissed with prejudice as to Trustee Corps.  However, Trustee Corps' Motion to Dismiss is denied as to Plaintiff's claims of wrongful foreclosure and slander of title as to Trustee Corps.

**DATED** this 12th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge