**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC, a Nevada limited Liability Company, ) ) ) | |
| Plaintiff, ) | Case No.: 2:14-cv-02038-GMN-PAL |
| vs. ) ) | **ORDER** |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; MTC FINANCIAL, INC., a Foreign Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation; ROBERT WAKEFIELD, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive, ) ) ) ) ) ) ) ) ) ) | |
| Defendants, ) | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Corporation, ) ) ) | |
| Intervenor, ) | |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Foreign Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a Foreign Corporation, ) ) ) ) ) ) ) ) | |
| Counter-Plaintiffs, ) | |
| vs. ) ) | |
| WILLISTON INVESTMENT GROUP, LLC; and DESERT LINN CONDOMINIUMS, ) ) ) | |
| Counter-Defendants. ) | |

1    Pending before the Court is the Motion for Summary Judgment (ECF No. 44) filed by

2    Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and Intervenor Federal

3    Housing Finance Agency ("FHFA").  Plaintiff/Counter-Defendant Williston Investment Group,

4    LLC ("Williston") filed a Response (ECF No. 54), and Freddie Mac and FHFA filed a Reply

5    (ECF No. 59).

6    I.    **BACKGROUND**

7    The present action involves the interplay between Nevada Revised Statutes § 116.3116

8    and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 1519 Lake

9    Placid Terrace, Henderson, NV, 89014 (the "Property").  On July 12, 2005, Robert Wakefield

10   ("Wakefield") obtained a loan in the amount of $153,000 from Washington Mutual Bank, FA

11   ("WAMU") that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 45-

12   1).[1]  The Deed of Trust named WAMU as the beneficiary and California Reconveyance

13   Company as the trustee. (*Id.*).  Freddie Mac purchased the Wakefield Loan on August 23, 2005

14   and has owned it ever since. *See* (Exs. A–B to Am. Meyer Decl., ECF No. 69-1).

15   On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into

16   conservatorships pursuant to HERA. *See* (Pollard Decl. ¶ 2, ECF No. 44-1).

17   On February 23, 2012, Nevada Association Services, Inc. ("NAS"), as agent for Desert

18   Linn Condominiums (the "HOA"), recorded a Notice of Delinquent Assessment Lien against

19   the Property for $1,712.38. (Not. of Delinquent Assessment Lien, ECF No. 54-4).  Then on

20   April 10, 2012, NAS recorded a Notice of Default and Election to Sell, warning that the HOA

21   would foreclose on its lien unless the assessment payments were brought up to date. (Not. of

22   Default and Election to Sell, ECF No. 54-5).  On November 6, 2012, NAS, as agent for the

23

24   ────────────────

[1] The Court takes judicial notice of Exhibits 1–5 (ECF Nos. 45-1–45-5) of Freddie Mac and FHFA's Request for
25   Judicial Notice (ECF No. 45).  The Court also takes judicial notice of Exhibits 1–2, 4–9 (ECF Nos. 54-1–54-2,
54-4–54-9) of Williston's Response. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).
Each of these documents is publicly recorded in the Clark County Recorder's office.

1 HOA, recorded a Notice of Foreclosure Sale, setting a foreclosure sale of the Property on

2 December 7, 2012. (Not. of Foreclosure Sale, ECF No. 54-6).  Williston subsequently

3 purchased the Property as the highest bidder at the March 15, 2013 foreclosure sale.

4 (Foreclosure Deed, ECF No. 45-2).  At no time during the process did FHFA, as conservator of

5 Freddie Mac, consent to the HOA's foreclosure. *See* (Pollard Decl. ¶¶ 3–4, ECF No. 57-1).

6      On September 25, 2008, WAMU submitted to receivership under the Federal Deposit

7 Insurance Corporation and transferred its assets to JP Morgan Chase, N.A. ("Chase") pursuant

8 to a purchase and assumption agreement. (*See* Purchase and Assumption Agreement, ECH No.

9 54-3).  Moreover, on August 14, 2012, Chase substituted Trustee Corps ("Trustee Corps") as

10 the trustee of the Deed of Trust. (Substitution of Trustee, ECF No. 45-3).  Shortly thereafter, on

11 August 13, 2013, Trustee Corps recorded a Notice of Breach and Default and Election to Sell,

12 indicating that Wakefield had failed to perform obligations pursuant to the Deed of Trust. (Not.

13 of Breach and Default and Election to Sell, ECF No. 54-7).  On June 3, 2014, Trustee Corps

14 recorded a Notice of Trustee's Sale, setting a trustee sale of the Property on July 11, 2014.

15 (Not. of Trustee's Sale, ECF No. 54-9).  Freddie Mac subsequently purchased the Property as

16 the highest bidder at the July 17, 2014 trustee sale (Trustee's Deed Upon Sale, ECF No. 45-5),

17 and Chase assigned its beneficial interest in the Deed of Trust to Freddie Mac on June 16, 2014

18 (Assignment of Deed of Trust, ECF No. 45-4).

19      Williston initiated this action by filing the original complaint in state court on October

20 21, 2014, asserting, *inter alia*, a claim for quiet title against Freddie Mac, MERS, Chase, and

21 MTC Financial, Inc. (Compl. ¶¶ 60–68, ECF No. 1-1).  Chase and Freddie Mac subsequently

22 removed the action to this Court on December 04, 2014. (Not. of Removal, ECF No. 1).  On

23 December 12, 2014, Freddie Mac filed its Answer, asserting counterclaims against Williston.

24 (Ans. to Compl. & Counterclaims, ECF No. 9).  On December 22, 2014, Freddie Mac filed its

25 Amended Answer, asserting counterclaims against Williston and the HOA. (Am. Ans. To

1    Compl. & Counterclaims, ECF No. 13).

2         On February 06, 2015, this Court entered an Order granting FHFA's unopposed Motion

3    to Intervene. (Intervenor Order, ECF No. 40). Shortly thereafter, on February 25, 2015, Freddie

4    Mac and FHFA filed the pending Motion for Summary Judgment. (MSJ, ECF No. 44).

5         On June 18, 2015, the Court held a hearing on the pending Motion for Summary

6    Judgment, which was attended by the parties in this case as well as the parties in several related

7    cases[2] pending before this Court involving the same issue addressed in this action's summary

8    judgment motion. (Min. of Proceedings, ECF No. 67).  After listening to the arguments

9    presented by all parties present at the hearing, the Court took the motion under submission.

10   **II.     LEGAL STANDARD**

11        The Federal Rules of Civil Procedure provide for summary adjudication when the

12   pleadings, depositions, answers to interrogatories, and admissions on file, together with the

13   affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

14   is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that

15   may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

16   (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable

17   jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if

18   reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

19   in the nonmoving party's favor." **Diaz v. Eagle Produce Ltd. P'ship**, 521 F.3d 1201, 1207 (9th

20   Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A

21   principal purpose of summary judgment is "to isolate and dispose of factually unsupported

22   claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

23        In determining summary judgment, a court applies a burden-shifting analysis.  "When

24   _____

25
     [2] These related cases are: *Elmer v. JP Morgan Chase Bank NA*, No. 2:14-cv-1999-GMN-NJK; and *Skylights LLC vs. Fannie Mae*, No. 2:15-cv-0043-GMN-VCF.

1    the party moving for summary judgment would bear the burden of proof at trial, it must come

2    forward with evidence which would entitle it to a directed verdict if the evidence went

3    uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing

4    the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

5    *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In

6    contrast, when the nonmoving party bears the burden of proving the claim or defense, the

7    moving party can meet its burden in two ways: (1) by presenting evidence to negate an

8    essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

9    party failed to make a showing sufficient to establish an element essential to that party's case

10   on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–

11   24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

12   the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*,

13   398 U.S. 144, 159–60 (1970).

14          If the moving party satisfies its initial burden, the burden then shifts to the opposing

15   party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

16   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,

17   the opposing party need not establish a material issue of fact conclusively in its favor.  It is

18   sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

19   parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

20   *Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid

21   summary judgment by relying solely on conclusory allegations that are unsupported by factual

22   data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go

23   beyond the assertions and allegations of the pleadings and set forth specific facts by producing

24   competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

25          At summary judgment, a court's function is not to weigh the evidence and determine the

1  truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

2  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

3  in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is

4  not significantly probative, summary judgment may be granted. *See id.* at 249–50.

5  **III.    DISCUSSION**

6       In the instant Motion for Summary Judgment, Freddie Mac and FHFA request that the

7  Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a

8  foreclosure on a superpriority lien to extinguish a property interest of Freddie Mac while it is

9  under FHFA's conservatorship," "the HOA Sale did not extinguish Freddie Mac's interest in

10  the Deed of Trust and thus did not convey the Property free and clear to Plaintiff," "the Deed of

11  Trust continues to encumber the Property," and "Freddie Mac's interest in the Property is

12  superior to the interest of Plaintiff." (Mot. Summ. J. 14:2–13, ECF No. 44).

13       The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v.*

14  *Fannie Mae*, 2015 WL 3887061 (D. Nev. June 24, 2015).  After addressing many different

15  arguments regarding the applicability of section 4617(j)(3), the Court held that the plain

16  language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure

17  without its consent. *Id.* at *10.

18       Here, Freddie Mac has held an interest in the Property since August 23, 2005. *See* (Exs.

19  A–B to Am. Meyer Decl., ECF No. 69-1).  Accordingly, because FHFA held an interest in the

20  Deed of Trust as conservator for Freddie Mac prior to the HOA foreclosure, section 4617(j)(3)

21  prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust.

22  **IV.    CONCLUSION**

23       **IT IS HEREBY ORDERED** that Freddie Mac and FHFA's Motion for Summary

24  Judgment (ECF No. 44) is **GRANTED**.  The Court finds that 12 U.S.C. § 4617(j)(3) preempts

25  Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure

of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship.  Accordingly, the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Freddie Mac's interest in the property secured by the Deed of Trust or convey the Property free and clear to Williston.

**IT IS FURTHER ORDERED** that Freddie Mac, FHFA, Wakefield, Chase, and MERS are granted summary judgment on Williston's claims for quiet title.

**DATED** this 13th day of July, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Judge