Abran E. Vigil (SBN 7548)
Sylvia O. Semper (SBN 12863)
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Tel: (702) 471-7000   Fax: (702) 471-7070
vigila@ballardspahr.com; sempers@ballardspahr.com

*Attorneys for JPMorgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(Admitted *Pro Hac* Vice)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000   Fax: (202) 942-5999
asim.varma@aporter.com; howard.cayne@aporter.com; michael.johnson@aporter.com

*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLISTON INVESTMENT GROUP, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION; et al.,<br><br>        Defendants,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>        Intervenor. | Case No. 2:14-cv-02038-GMN-PAL<br><br>**STIPULATION AND [PROPOSED] ORDER SEEKING A FINAL JUDGMENT PURSUANT TO RULE 54(B)** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Counterclaimant,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>        Intervenor,<br><br>vs.<br><br>WILLISTON INVESTMENT GROUP, LLC; and DESERT LINN CONDOMINIUMS,<br><br>        Counter-defendants. | |

11057801.2                                        1

Plaintiff Williston Investment Group, LLC ("Williston"), Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), Intervenor Federal Housing Finance Agency, as Conservator for Freddie Mac ("FHFA"), Defendant JPMorgan Chase Bank N.A. ("Chase"), Defendant Mortgage Electronic Registration System ("MERS") and Counter-Defendant Desert Linn Condominiums ("HOA"), hereby stipulate the following:

1. On October 21, 2014, Plaintiff filed an action in state court asserting the following claims:
   a. A claim for wrongful foreclosure against Chase and MTC;
   b. A claim for declaratory relief and quiet title against Chase, MERS, MTC, and Freddie Mac;
   c. A claim for slander of title against Chase, MTC, and Freddie Mac; and
   d. A claim for injunctive relief against Freddie Mac.  *See* Dkt. No. 1-1.
2. In their responsive pleadings, Freddie Mac and FHFA each filed two substantively identical counterclaims:
   a. A quiet title counterclaim against Plaintiff; and
   b. A declaratory judgment counterclaim against both Plaintiff and the HOA.  *See* Dkt. Nos. 13, 41.
3. The forms of relief associated with these two counterclaims were declarations that (1) 12 U.S.C. § 4617(j)(3) preempts a Nevada statute that could otherwise permit an HOA foreclosure sale to extinguish Freddie Mac and FHFA's property interest; (2) the HOA foreclosure sale at issue here did not extinguish Freddie Mac and FHFA's interest in the Property; and (3) the HOA foreclosure sale did not convey the subject property free and clear to Plaintiff.  *Id.*
4. Freddie Mac also asserted a counterclaim against Plaintiff for unjust enrichment.  *See* Dkt. No. 13.
5. Chase and MERS also asserted counterclaims against Plaintiff and the HOA.  *See* Dkt. No. 13.

6. On February 25, 2015, FHFA and Freddie Mac filed a Joint Motion for Summary Judgment. *See* Dkt. No. 44.  The summary judgment motion sought the relief discussed in both the quiet title and declaratory judgment counterclaims asserted by FHFA and Freddie Mac—a declaration that (1) 12 U.S.C. § 4617(j)(3) preempts any Nevada law that could permit an HOA foreclosure sale to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship; and (2) the HOA Sale did not extinguish Freddie Mac's interest in the Property, and thus Plaintiff took an interest in the Property subject to the Deed of Trust.  *See* MSJ at 14.  This requested relief was materially the same as requested in Freddie Mac and FHFA's quiet title and declaratory relief counterclaims, providing for the opposite declaration as that Plaintiff requested in its quiet title claim.

7. On May 7, 2015, Chase and MERS filed a Joinder to FHFA's and Freddie Mac's Motion for Summary Judgment. *See* Dkt. No. 58.

8. On July 13, 2015, this Court issued an Order granting the summary judgment motion of FHFA and Freddie Mac.  Dkt. No. 75.  The Order held, among other things, that (1) "the HOA's foreclosure sale … did not extinguish Freddie Mac's interest in the Property secured by the Deed of Trust;" and (2) "the HOA's foreclosure sale … did not … convey the Property free and [clear] to Williston.  *Id.* at 7.

9. The Order also held that "12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship." *Id.* at 6-7.

10. The Order incorporated this Court's reasoning in *Skylights LLC v. Byron*, No. 2:15–cv–00043–GMN–VCF, 2015 WL 3887061 (D. Nev. June 24, 2015).  That Order concluded that Skylights and "the plaintiffs in the related cases"—including Williston—"all purchased real property subject to FHFA's lienhold interest" *Id.* at *7 n.4.

11. The Order denied the relief requested in Plaintiff's declaratory relief / quiet title claim, because it held that the Deed of Trust was not extinguished.  Indeed, the Order explicitly

said that summary judgment was granted "on Williston's claims for quiet title." Dkt. No. 75 at 7.

12. But the relief granted in the Order also resolved other claims that were not specifically mentioned in the conclusion of the Order. The conclusion of the Order made the declarations requested by FHFA and Freddie Mac and determined that Plaintiff's interest was purchased "subject to FHFA's lienhold interest," thereby granting the relief requested in:

   a. FHFA, Freddie Mac, Chase and MERS's declaratory relief counterclaims; and
   b. FHFA, Freddie Mac, Chase and MERS's quiet title counterclaims.

13. The parties acknowledge that not all claims in this case were resolved by the Order. Specifically, the following claims remain outstanding:

   a. Plaintiff's claim for wrongful foreclosure against Chase and MTC;
   b. Plaintiff's claim for slander of title against Chase, MTC, and Freddie Mac;
   c. Plaintiff's claim for injunctive relief against Freddie; and
   d. Freddie Mac, Chase, and MERS's counterclaim for unjust enrichment against Plaintiff.

14. Notwithstanding the persistence of these claims, the Parties request that the Court enter a judgment reflecting the Court's Order and designate it final and appealable pursuant to Federal Rules of Civil Procedure 54(b) and 58(a). The Parties believe that this would be the most efficient path to the resolution of the issues in this case, in particular because the nature of the Court's Order makes it pointless to pursue any of the remaining claims at this time. For example:

   a. Freddie Mac, Chase, and MERS's counterclaim for unjust enrichment against Plaintiff is only viable if the Court had determined that Plaintiff had obtained free and clear title to the Property to the detriment of Freddie Mac, Chase, and MERS. *See* Dkt. No. 16 ¶ 37. The Order determined that Plaintiff did not obtain free and clear title, so the unjust enrichment claim is effectively moot. If,

11057801.2

4

however, the Ninth Circuit overturned the Court's Order on appeal, then there would be a renewed basis for pursuing the unjust enrichment counterclaim.

    b.    Similarly, Plaintiff's claims for wrongful foreclosure, slander of title, and injunctive relief are all premised on the allegation that the HOA Sale extinguished the Deed of Trust.  *See* Dkt. No. 1-1 ¶¶ 54, 71, 82.  The Order determined that the HOA Sale did not extinguish the Deed of Trust, so if Plaintiff were to pursue these claims now, the law of the case would require their dismissal.  If, however, the Ninth Circuit overturned the Court's Order on appeal, then there would be a renewed basis for Plaintiff to pursue its wrongful foreclosure, slander of title, and injunctive relief claims.

15.    A final judgment is necessary for Plaintiff and HOA to file an appeal in this case.  Indeed, Plaintiff already filed a Notice of Appeal in this case on August 12, 2015, and the HOA followed suit on August 26, 2015.  *See* Dkt. Nos. 76, 79.  However, the Ninth Circuit issued an order that it might lack jurisdiction if the district court's order was not a final appealable order.  Order, *Williston Investment Group v. JP Morgan Chase Bank, N.A.*, No. 15-16615 (9th Cir. Aug. 20, 2015).  Plaintiff thereafter voluntarily dismissed its appeal, acknowledging that there was no final judgment in this case.  Order Granting Motion for Voluntary Dismissal, *Williston Investment Group v. JP Morgan Chase Bank, N.A.*, No. 15-16615 (9th Cir. Sept. 14, 2015).  The HOA also voluntarily dismissed its appeal, acknowledging that there was no final judgment in this case.  *See* Dkt. No. 91.

16.    In order to direct entry of a final judgment in a multiple-claim action, a court must consider two factors:

    a.    *First*, the court must determine whether the judgment is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

    b.    *Second*, the court must decide whether there is any just reason for delay.  *Id.* at 8.  When evaluating whether there are just reasons for delay, the court should

consider the equities involved, exercising discretion "in the interest of sound judicial administration." *Id.* (quotations omitted).

17. A Rule 54(b) Judgment is appropriate here for three reasons:

    a. *First*, the Order resolved the central legal question underpinning all the claims asserted by or against Freddie Mac and FHFA—whether 12 U.S.C. § 4617(j)(3) precludes a homeowner's association foreclosure sale conducted under Nev. Rev. Stat. § 116.3116(2) from extinguishing Freddie Mac's property interest.

    b. *Second*, there is no just reason to delay the finality of the judgment, and the equities favor finality. The central legal issue in this case is not yet before the Ninth Circuit, and its resolution is necessary to determine whether any of the remaining claims in this case have merit. The Ninth Circuit's review will hasten the day when the parties have final clarity regarding their rights to the Property.

    c. *Third*, a final judgment pursuant to Rule 54(b) would also promote judicial efficiency. The same legal issue regarding the application of the Federal Foreclosure Bar to Nevada HOA sales is pending in over thirty actions in this District and hundreds more in Nevada state court. If Plaintiff appeals the Rule 54(b) judgment, as it has already attempted to do, the Ninth Circuit's review of this issue would provide binding guidance for this and other courts in this District and persuasive guidance to the state courts presiding over related actions. Furthermore, resolution of the remaining claims pending in this case before an appeal would be an inefficient use of resources, as the Parties would be required to brief, and the Court decide, motions for summary judgment to resolve claims whose resolution is already predetermined by the logic of the Court's Order.

///
///
///
///
///

11057801.2

6

18. Accordingly, the Parties respectfully request that the Court enter a judgment reflecting the conclusions of the Court's Order and designate it final and appealable pursuant to Federal Rules 54(b) and 58(a).

DATED this 23rd day of November, 2015.

| | |
|---|---|
| **BALLARD SPAHR LLP**<br><br>By:   /s/   Sylvia O. Semper<br>     Abran E. Vigil (SBN 7548)<br>     Sylvia O. Semper (SBN 12863)<br>     100 North City Parkway, Suite 1750<br>     Las Vegas, Nevada 89106-4617<br>     Tel: 702-471-7000  Fax: 702-471-7070<br>     vigila@ballardspahr.com<br>     sempers@ballardspahr.com<br><br>*Attorneys for Defendant/Counterclaimants JP Morgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc. and Federal Home Loan Mortgage Corporation* | **FENNEMORE CRAIG, P.C.**<br><br>By:   /s/   Leslie Bryan Hart<br>     Leslie Bryan Hart, Esq. (SBN 4932)<br>     John D. Tennert, Esq. (SBN 11728)<br>     300 E. Second St., Suite 1510<br>     Reno, Nevada 89501<br>     Tel: 775-788-2228   Fax: 775-788-2229<br>     lhart@fclaw.com; jtennert@fclaw.com<br>         and<br>**ARNOLD & PORTER LLP**<br>(Admitted Pro Hac Vice)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>*Attorneys for Intervenor Federal Housing Financing Agency* |
| **MAIER GUTIERREZ AYON, PLLC**<br><br>By:     /s/   Luis Avon<br>     Luis Ayon, Esq. (SBN 9752)<br>     Margaret E. Schmidt, Esq. (SBN 12489(<br>     400 South Seventh Street, Suite 400<br>     Las Vegas, NV 89101<br>     Tel:  702-629-7900  Fax: 702-629-7925<br><br>*Attorneys for Plaintiff/Counter-Defendant Williston Investment Group, LLC* | **GORDON & REES LLP**<br><br>By:     /s/   Ashlie L. Surur<br>     Robert S. Larsen, Esq. (SBN 7785)<br>     Ashlie L. Surur, Esq. (SBN 11290)<br>     David T. Gluth II, Esq. (SBN 10596)<br>     3770 Howard Hughes Pkwy, Suite 100<br>     Las Vegas, NV  889169<br>     Tel: (702) 577-9300 Fax: (702) 255-2858<br>     asurur@gordonrees.com<br><br>*Attorneys for Counterdefendant Desert Linn Condominiums* |

**BURKE, WILLIAMS & SORENSEN, LLP**

By:    /s/ Richard J. Reynolds
      Richard J. Reynolds (SBN 11864)
      1851 East First Street, Suite 1550
      Santa Ana, CA 92705-4067
      Tel: 949.863.3363 Fax: 949.863.3350
      rreynolds@bwslaw.com
*Attorneys for MTC Financial, Inc., dba Trustee Corps*

### [PROPOSED] ORDER

Pursuant to the Stipulation above, and for good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Clerk of Court enter a Judgment reflecting the Order issued on July 13, 2015 (Dkt. No. 75), stating that:

IT IS ORDERED that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship. Accordingly, the HOA's foreclosure sale of its super-priority lien did not extinguish Freddie Mac's interest in the Property secured by the Deed of Trust or convey the Property free and clear to Plaintiff.

IT IS FURTHER ORDERED that Freddie Mac, FHFA, Chase, and MERS are granted summary judgment on Plaintiff's claim for declaratory relief / quiet title. Freddie Mac, FHFA, Chase, and MERS are also granted summary judgment on their quiet title and declaratory judgment counterclaims.

IT IS FURTHER ORDERED that the Court determines that this is a final and appealable judgment pursuant to Federal Rule of Civil Procedure 54(b) as there is no just reason for delay.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
DATE: November 25, 2015